Pearson, J.
His Honor put the case upon the single fact of the condition of the wind at the time the log-pile was set on fire, being of opinion, that if it Avas then calm, there was no negligence. There is error.
A prudent man would not permit a log-pile to be made so *80 near the fence, (from three to five yards,) with a dead pine between the pile and fence, nor would he permit fire to be set to it without having the trash raked from around it. The weather was very dry, and, under the circumstances, it was gross negligence to fire the pile in the morning, when there was reason to expect, at least, an ordma/ry wind, during the day. A prudent man would have waited until after a rain, or at all events, would have started the fire after niglit-fall, so that the dew would prevent the sparks from communicating fire to the dead pine, or the trash. Averitt v. Murrell, 4 Jones’ Rep. 323, was relied on for the defendant. In that case, the log-pile was twenty-five or thirty yards from the woods; “ the trash was raked away from the log-piles carefully.” It was not proved that the weather was “ very dry,” and there was no dead pine within a few feet of the log-pile. In our case, the dead pine, which was rendered combustible by the dryness of the atmosphere, caused the fire to get out. Venire de novo.
Pice CuRiAM, Judgment reversed.